## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 22-cr-20566-ALTONAGA

UNITED STATES OF AMERICA

vs.

BEEJAY GIRON RAMOS,

     **Defendant.**

_____/

### FACTUAL PROFFER

The United States of America and Beejay Giron Ramos (the "defendant") agree that, had this case proceeded to trial, the United States would have proven, beyond a reasonable doubt, the following facts, among others, pertaining to a violation of Title 18, United States Code, Sections 2252(a)(4)(B) and (b)(2) that occurred in the Southern District of Florida:

On or about November 11, 2022, the defendant, a Philippines citizen, arrived at the Port of Miami on a Norwegian Cruise Lines cruise ship where he worked. U.S. Customs and Border Protection ("CBP") officers conducted a border search of the defendant's cabin. There, they found his cellphone: a Galaxy A50, Model SM-A507FN/DS, with serial number R58M9640B2R. CBP officers conducted a border search of his phone and discovered images of child pornography.

After signing a *Miranda* waiver form, the defendant gave Federal Bureau of Investigation ("FBI") agents written consent to search his phone. He also drew the pattern used to unlock the phone. The defendant then assisted the FBI agents with logging into an application on his phone called Telegram. Below is a description of some of the images and messages they viewed:

- The defendant sent to a deleted Telegram account, five screenshots of videos containing a total of approximately 12 images of child pornography. The

screenshots depicted an adult male vaginally penetrating a prepubescent girl and a prepubescent girl engaging in oral sex with an adult male;

- The defendant received multiple files containing child pornography on or about October 12, 2020, including three videos depicting (1) a prepubescent male anally penetrating another prepubescent male; (2) a compilation of different prepubescent girls engaging in oral sex or masturbating adult males; and (3) an adult male anally penetrating a prepubescent girl; and

- Multiple conversations between the defendant and other Telegram users discussing the sale of child pornography. For example, in a message dated September 29, 2020, a deleted account asked if the defendant had "links from girls." The defendant replied that he did and stated their ages to be 8 to 15 years old.

Post-*Miranda*, the defendant confirmed that he knew what child pornography was and stated that the child must be under the age of 18, engaging in pornography, and nude. The defendant admitted that a friend in the Philippines offered him a job to sell child pornography. He explained that his friend told him that he wanted the defendant to speak with the clients because the friend didn't speak English well. The defendant stated that he didn't have any income at the time, so he agreed.

The defendant expounded that he was instructed to advertise child pornography on Twitter. He continued that if someone messaged him on Twitter, he was supposed to speak to them on Telegram. He stated that if the client wanted to purchase child pornography, they would pay through PayPal. He further stated that through Telegram, he would then send a link to the international file-sharing platform Mega and the link would open a folder containing child pornography. The defendant said that he retained 15 percent of the proceeds while his friend kept the rest. He said that he sold from August 2020 till December 2020 or January 2021—making around $1,400 to $1,500 USD in total.

The facts described above are not intended to be a complete recitation of the facts of this case and are merely intended to form a basis for the undersigned defendant's knowing, willful, and

intentional plea of guilty.

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

Date: 1/9/23        By: _____

NARDIA HAYE
ASSISTANT UNITED STATES ATTORNEY

Date: 1/9/23        By: _____

ERIC MARTIN COHEN
ATTORNEY FOR DEFENDANT

Date: 1/9/23        By: _____

BEEJAY GIRON RAMOS
DEFENDANT

3